UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:20-CR-26-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MICHAEL DAVID HOLT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 76 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Holt's guilty plea and adjudge him guilty of Count 1 of the Superseding Indictment (DE 34). *See* DE 77 (Recommendation); *see also* DE 75-1 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 77 at 3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

1

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 77, **ACCEPTS** Holt's guilty plea, and **ADJUDGES** him guilty of Count 1 of the Superseding Indictment (DE 34);

2. Further, per Judge Ingram's unopposed recommendation and Defendant's agreement (DE 75-1 ¶ 10), the Court provisionally **FINDS** that the currency identified and attributed to Holt in the operative indictment (DE 34 at 4) is forfeitable and that Holt has an interest in said property, and the Court preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* at (b)(4)(B);

3. The Court, as to this Defendant only, **GENERALLY CONTINUES** the jury trial in this matter; and

4. The Court will issue a separate sentencing order.[1]

This the 6th day of April, 2021.

**Signed By:**

**_Robert E. Wier_**

**United States District Judge**

---

[1] At the hearing, Judge Ingram remanded Holt to custody, which was his pre-plea status. *See* DE 76 at 2. The Court, thus, sees no need to further address detention, at this time.